United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD LEE TUBBS,<br><br>        Petitioner,<br><br>  v.<br><br>CCI GOODWIN, et al.,<br><br>        Respondents.<br>_____ | No. C 07-5765 MMC (PR)<br><br>**ORDER OF DISMISSAL;<br>GRANTING LEAVE TO PROCEED<br>IN FORMA PAUPERIS**<br><br>**(Docket No. 3)** |

       On November 14, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has applied for leave to proceed in forma pauperis.

       According to the allegations in the petition, petitioner's parole was revoked on May 4, 2007, and on June 1, 2007, he was ordered by the Board of Prison Terms to serve twelve months in state prison.  Petitioner claims a prison administrative appeal he submitted has been missing since October 10, 2007.  (Pet. at 3.)  He also claims he asked to review his central prison file on October 29, 2007, but he was told by the Correctional Counselor that he would have to wait to for such review until he is assigned to the prison where he will serve the remainder of his parole-revocation term.  Petitioner asks the Court to provide him with access to his central prison file.

       Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)

By contrast, a civil rights action is the proper method for a prisoner to challenge conditions of confinement. See id. In the instant petition, petitioner does not challenge the legality or duration of his confinement. Rather, he complains that he is being denied access to the prison appeals process and to his prison file. Where, as here, a successful challenge to prison conditions will not necessarily shorten the prisoner's sentence, habeas jurisdiction is absent and a civil rights action under 42 U.S.C. § 1983 is proper. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see also Badea, 931 F.2d at 574.

Accordingly, the instant petition is hereby DISMISSED without prejudice to petitioner's bringing his claims in a civil rights complaint. See Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket No. 3.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 5, 2007

_____
MAXINE M. CHESNEY
United States District Judge

2